UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIA JAMES,

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-3621 (CBA)(SMG)

Plaintiff,

-against-

THE BOARD OF TRUSTEES OF INTERFAITH
MEDICAL CENTER; ALBERT WILTSHIRE;
J. FOSTER PHILLIPS IV; CHARLES GRANNUM;
DIANE PORTER, Jointly and Severally;
INTERFAITH MEDICAL CENTER; WILLKIE
FARR & GALLAGHER, LLP; ALAN LIPKIN;
CHAIRMAN OF DASNY, John Doe 1,

Defendants.
------------------------------------------------------------x

**AMON, Chief United States District Judge:**

Pro se plaintiff Julia James ("James"), a former Trustee of Interfaith Medical Center, filed this action on June 5, 2014. James seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. On June 9, 2014, James filed an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, and an affidavit in support of the motion for injunctive relief seeking to, inter alia, enjoin any further actions or proceedings in Interfaith Medical Center's pending Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court"). See Interfaith Medical Center, Inc., No. 12-48226 ("the Bankruptcy Case"). James filed a similar complaint on December 30, 2013, which the Court dismissed without prejudice on March 31, 2014. See James v. The Bd. of Trustees of Interfaith Medical Center, No. 13-CV-7406 (CBA) ("the Prior Action").

The Court is not satisfied that James is unable to pay the $400 filing fee to commence this action. James fails to complete any portion of the IFP application, except where she crosses out pre-printed language that she is unable to pay the costs of these proceedings and instead states that she is entitled to IFP relief because "[t]his is a petition in a voluntary, non compensated action with no personal gain or benefit." See IFP Application at 1.

"The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Glass v. Comm. of Social Security, No. 13-CV-4026, 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013) (citing Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." Pinede v. New York City Dept. of Environmental Protection, No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (citing DiGianni v. Pearson Educ., No. 10–CV–0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)); Maccaro v. N.Y. City Health & Hospitals Corp., No. 07-CV-1413, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007). James's IFP application fails to provide any facts that could allow the Court to conclude that she has insufficient resources to pay the $400 filing fee to commence this action. James's IFP application is therefore denied and she is directed to pay the filing fee of $400 within fourteen (14) days of the date of this Order in order to proceed with this action. Because this court denies James IFP status, her motion for a PI/TRO is denied with leave to renew after the filing fee is paid. See Tafari v. Prack, No. 12-CV-703, 2012 WL 2571305, at *1 n.4 (N.D.N.Y. July, 3 2012).

This Court notes that even if James had paid the filing fee, it likely would have denied her motion for a PI/TRO. "A party seeking a temporary restraining order or a preliminary injunction must demonstrate '(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits . . . and a balance of hardships tipping decidedly in its favor.'" Y.S. ex rel. Chaya v. Yeshivat Or Hatorah High School, 818 F. Supp.2d 539, 542 (E.D.N.Y. 2011) (citing MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2d Cir. 2004)). "[M]otions for preliminary injunctions are 'frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65.'" Id. (quoting 11A C. Wright & A. Miller, *Fed. Practice & Proc.*, § 2949 (2004)). James's threadbare affidavit would not have convinced this Court that she is entitled to relief under Rule 65.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
June 10, 2014